

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Will Mann Richardson
Chief Clerk
Texas State Parks Board
Austin, Texas

Dear Sir:

Opinion No. O-1209
Re: Power of the Texas State
Parks Board to hire managers
on a fixed salary plus a per-
centage of the net profits
from the concessions

We acknowledge receipt of your letter of July
31, 1939, in which you request the opinion of this Depart-
ment on the question of whether or not you have the right
to operate the Texas State Parks by hiring park managers
on a fixed salary plus a percentage of the net profits
realized from the operation of concessions. In this con-
nection we quote the following two paragraphs from your
letter:

"In some parks we require the concession-
aire to maintain the park and pay all the bills
for operation, and pay us a percentage of the
gross receipts of the park. This type of con-
tract is undesirable, in that we have diffi-
culty in forcing the concessionaire to maintain
the park as we feel it should be. Also it is
difficult to determine in advance what percen-
tage should be charged. The concessionaire, as
is natural, operates the park primarily as a
commercial enterprise and not as an arm of the
State. He is primarily interested in making
money rather than performing a service for the
public.

"We have also tried operating the parks
by furnishing the park manager his house and
utilities and a small salary paid from the

Special Park Fund. Under this set up there is little or no incentive for the concessionaire to encourage more use of the park by the public. We are now convinced that the best type of operation will be the latter, with the additional incentive that the park manager will receive a certain percentage of the net profits after his salary and all other expenditures are deducted from the gross receipts."

Chapter 168 of the Acts of the 42nd Legislature is codified by Vernon's Annotated Texas Statutes as Article 6070a, and Section 1 of said Act reads as follows:

"Section 1. The State Park Board is hereby authorized to grant concessions in State Parks and to make concession contracts for any causeway, beach drive or other improvements in connection with State Parks sites, wherever feasible. The revenue thus earned by the State Parks Board shall, when collected be placed in the State Treasury. The Board may make such rules and regulations for the carrying out of this Act and the Laws of this State relative to State Parks, as it may deem necessary not in conflict with Law."

Included in the provisions of Article 6069 of the Revised Civil Statutes of 1925, as amended by Senate Bill No. 376, Acts of the 45th Legislature, is the requirement that the Board arrange for or employ a keeper in each park which is under the control of the Board, said keeper to be clothed with all the power and authority of a peace officer of the county in which the park is located, and to be hired for the purpose of caring for and protecting the property within the park. These two provisions of the statutes indicate that the Legislature has attempted to place at the disposal of the State Parks Board means for the proper and satisfactory protection and maintenance of parks. The indicated provision of Article 6069 fixes the duty of the Parks Board in protecting State property and should not be confused with the authority and power delegated under Chapter 168, Acts of the 42nd Legislature.

The language employed in Section 1 of Article 6070a, above quoted, plainly indicates the intention of the

Honorable Will Mann Richardson, Page 3

Legislature to provide a method whereby the State Parks Board may obtain revenue from concession contracts and while the details of such contracts have been left to the discretion of the Board no indication is given that the Legislature intended to authorize the Parks Board to provide for or hire park managers or keepers under the guise of concession contracts. We find no statutory provision which authorizes the Board to hire park managers nor do we find any provision which permits the Board to operate through its agents or employees a concession. Further, the general departmental appropriation bill passed by the 46th Legislature appropriates the Special Park Fund "for maintenance and improvement of the State Parks, provided, however, the State Parks Board shall not have the authority to employ any additional help out of receipts, except seasonab help." The Legislature having thus expressly limited the purposes for which the special parks funds may be expended, it follows that the Board has no authority to enter into a concession contract which involves the payment of a salary from the Special Park Funds.

It is, therefore, the opinion of this Department that the Texas State Parks Board does not have the power or authority to operate the Texas State Parks by hiring park managers on a fixed salary plus a percentage of the net profits realized from the operation of concessions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ross Carlton
Assistant

RC:LM

APPROVED AUG 21, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN